UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RAY LABONTE, Personal Representative of the Estate of Kelly LaBonte, Deceased, and as Guardian of Braydon LaBonte, a Minor, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:07-CV-232 |
| DAIMLER-CHRYSLER, a Foreign Corporation, and KEY SAFETY SYSTEMS, INC., a Foreign Corporation, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On December 21, 2007, Defendant Key Safety Systems, Inc. moved for summary judgment. The Defendant argued that it did not manufacture the seat belt that is the subject of the Plaintiff's suit. On February 14, 2008, the Court issued an opinion and order denying the Defendant's motion without prejudice. On February 19, Key Safety Systems moved the Court to reconsider its ruling and grant it final judgment as a matter of law. On February 20, during a status conference with the Court, the Plaintiff stated that it did not intend to file a response and did not have any authority in opposition to Key Safety Systems's motion. The Court granted the Defendant's motion (DE 32) and indicated that this written order would follow.

**DISCUSSION**

The Plaintiff seeks damages for the death of Kelly LaBonte, who was killed on May 29, 2005, in an automobile accident while driving a 1996 Jeep Grand Cherokee. The Complaint

alleges that the seat belt in the Jeep Grand Cherokee was defective and unreasonably dangerous. Key Safety Systems is named as the manufacturer and seller of the seat belt system used in the Jeep. (Compl., Second Cause of Action, ¶ 3) (alleging that Key Safety Systems "designed, tested, manufactured, assembled and sold the driver's seat belt system used in the 1996 Jeep Grand Cherokee . . . which is the subject matter of this suit, and placed it into the stream of commerce").

Key Safety Systems did not manufacture the seat belt in the Jeep Grand Cherokee that is the subject of the Plaintiff's claim. The seat belt was manufactured by AlliedSignal on April 4, 1996, over 18 months before Key Safety Systems entered the occupant restraint business. Key Safety Systems entered the business after it purchased AlliedSignal's Restraint System assets.

In addressing Key Safety Systems's potential successor liability as the purchaser of the seat belt manufacturer's assets, the Court noted that, under Indiana's Product Liability Act, even a disclaimer of liability in a purchase agreement may not bar a strict liability claim. *Guerrero v. Allison Engine Co.*, 725 N.E.2d 479, 482 (Ind. Ct. App. 2000).

> When one corporation purchases the assets of another, the buyer does not assume the debts and liabilities of the seller. *Sorenson v. Allied Products Corp.*, 706 N.E.2d 1097, 1099 (Ind. Ct. App. 1999) (citing *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1233 (Ind. 1994)). However, there are four generally recognized exceptions to this rule:
>
> (1) an implied or express agreement to assume the obligation; (2) a fraudulent sale of assets done for the purpose of escaping liability; (3) a purchase that is de facto consolidation or merger; or (4) instances where the purchase is a mere continuation of the seller.
>
> *Id.* Under these exceptions, a successor corporation is liable only when the predecessor corporation no longer exists. *Id.*

*Guerrero*, 725 N.E.2d at 483.

In its first motion for summary judgment, Key Safety Systems addressed only the first exception cited in *Guerrero*. Although that exception applied—Key Safety Systems expressly contracted to assume AlliedSignals' liabilities when it purchased AlliedSignal's assets— the contractual duty was later discharged in bankruptcy. However, the Court held that this discharge did not affect the other potential exceptions to successor liability and, on the record before it, the Court could not grant Key Safety Systems's motion for summary judgment.

In its motion for reconsideration, Key Safety Systems presents evidence that AlliedSignal continues to exist as a solvent Delaware corporation. As *Guerrero* holds that a successor corporation is liable under the recognized exceptions only when the predecessor corporation no longer exists, this resolves the issue that remained after the briefing on the first motion for summary judgment.

Key Safety Systems was not the manufacturer of the seat belt at issue and is not subject to successor liability under Indiana law. Therefore, Key Safety Systems is entitled to judgment in its favor as a matter of law.[1]

**CONCLUSION AND ORDER**

The Court reconsiders the Defendant's motion for summary judgment, and, upon examination of the supplemental evidence submitted by Key Safety Systems, holds that Defendant Key Safety Systems is entitled to judgment as a matter of law. There being no just reason for delay, the Court directs the entry of final judgment in favor of Key Safety Systems and against the Plaintiff.

---

[1] As summary judgment was not proper upon the previous motion and the evidence submitted in support thereof, the Court does not vacate its Opinion and Order of February 14, 2008, which was denied without prejudice.

SO ORDERED on February 22, 2008.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION